IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MICHAEL SHAUGHNESSY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUKE UNIVERSITY, PRIVATE )<br>DIAGNOSTIC CLINIC, PLLC, )<br>)<br>Defendants. ) | **Case No.: 1:18-CV-00461-CCE-JEP** |

## ANSWER

Defendant Duke University ("Duke" or "Defendant") files this Answer in response to Plaintiff Michael Shaughnessy's ("Plaintiff") Complaint and alleges and states as follows:

### Response to "PRELIMINARY STATEMENT"

In response to Plaintiff's "preliminary statement," Duke admits Plaintiff brings this action seeking damages for a purported violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the ADA Amendments Act of 2008 ("ADAAA"), Title VII of the Civil Rights Act of 1994, 42 U.S.C. §2000e-3 ("Title VII"), and North Carolina common law. Duke denies that the events occurred as Plaintiff alleges, denies that it violated any law relating to Plaintiff, and denies that Plaintiff is entitled to any recovery whatsoever in this lawsuit.

### FIRST DEFENSE

Duke responds to the numbered paragraphs of the Complaint as follows:

1

## Response to "PARTIES"

1.Duke admits Plaintiff is a former employee of Duke University. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of Plaintiff's allegations concerning his place of residency. Except as specifically admitted, the allegations of Paragraph 1 are denied.

2.Duke admits it is a non-profit corporation organized and existing under the laws of the State of North Carolina with its principal place of business in Durham County, North Carolina, that it is an "employer" as defined by the ADA, that it conducts business in North Carolina, and that it regularly employees more than 500 employees. Except as specifically admitted, the allegations of Paragraph 2 are denied.

3.Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 3.

## Response to "JURISDICTION AND VENUE"

4.The allegations of Paragraph 4 state a legal conclusion to which no response is required. To the extent a response is required, Duke admits this Court has subject matter jurisdiction over this action.

5.Duke admits that Plaintiff alleges events occurring in Durham County, North Carolina, but denies events occurred as Plaintiff alleges. Duke further admits it is a corporation doing business in the judicial district of the United States District Court for the Middle District of North Carolina and that venue is proper in the Middle District of North Carolina. Except as specifically admitted, the allegations of Paragraph 5 are denied.

## Response to "FACTS"

6. Duke admits Plaintiff is an anesthesiologist, that Plaintiff earned his medical degree from Duke University Medical School in 2006, that Plaintiff received fellowship training at Duke, and served as a faculty fellow in Regional and Ambulatory Anesthesiology from 2010-2011. Duke further admits that Plaintiff's father is a tenured full professor at Duke. Upon information and belief, Duke admits that Plaintiff received his undergraduate degree from Princeton University and performed his residency at Massachusetts General Hospital. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of Paragraph 6.

7. Duke admits it hired Plaintiff as a non-tenured Assistant Professor with the Department of Anesthesiology at Duke University School of Medicine on or about August 1, 2011. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of Paragraph 7.

8. Duke admits it employed Plaintiff under one-year contracts from on or about August 1, 2011 through June 30, 2017. Except as specifically admitted, the allegations of Paragraph 8 are denied.

9. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 9.

10. Paragraph 10 is denied.

11. Duke admits that five of Plaintiff's faculty peers submitted letters of nomination for the Excellence in Professionalism Award and that the letters are in writing and speak for themselves. Duke further admits that all nominees were listed in the Spring

Faculty Awards booklet as Distinguished Award Nominees. Except as specifically admitted, the allegations of Paragraph 11 are denied.

12. Duke admits Plaintiff was elected by secret ballot to Duke's Academic Council on or about March 9, 2017, and that the Academic Council identifies itself as the chief instrument of faculty governance on its website. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning the votes cast by secret ballot. Except as specifically admitted, the allegations of Paragraph 12 are denied.

13. Duke denies that Plaintiff's Duke University salary increased during his tenure. Duke admits that the rate for a clinical day of work generally increases for entry level faculty over the first five years of their employment. Duke admits, upon information and belief, that Plaintiff received "gainsharing" disbursements when eligible and dependent upon the availability of clinical department funds. Except as specifically admitted, the allegations of Paragraph 13 are denied.

14. Duke admits the expectation was that Plaintiff would spend approximately 80 percent of his time attending to clinical responsibilities and the remaining 20 percent of his time attending to research, training, and education of medical students and residents. Except as specifically admitted, the allegations of Paragraph 14 are denied.

15. Duke states that allegations concerning Plaintiff status as a person with a disability states a legal conclusion to which no response is necessary. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of Paragraph 15.

16. Duke admits Plaintiff told Dr. Holly Muir and Dr. Gavin Martin that he had a cardiac pacemaker and that at no time was Plaintiff required to work on cases involving use of MRI equipment during his employment. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning alleged "written notification." Except as specifically admitted, the allegations of Paragraph 16 are denied.

17. Duke admits Plaintiff told Dr. Holly Muir and Dr. Gavin Martin that he had a cardiac pacemaker. Except as specifically admitted, the allegations of Paragraph 17 are denied.

18. Paragraph 18 is denied.

19. The allegations of paragraph 19 concerning alleged discrimination and harassment state a legal conclusion to which no response is required. To the extent a response is deemed required, these allegations are denied. Duke states that health information concerning a former employee who is not a party to this litigation is private, confidential and protected from disclosure. Duke admits police investigated an incident of alleged assault in September 2015. Except as specifically admitted, the allegations of Paragraph 19 are denied

20. Paragraph 20 is denied.

21. Duke admits a female anesthesiology resident committed suicide in June 2016. Duke states that health information concerning a former employee who is not a party to this litigation is private, confidential and protected from disclosure. Except as specifically admitted, the allegations of Paragraph 21 are denied.

22.     Duke admits that Dr. Mathew called a faculty meeting following the resident's passing and that during the meeting faculty were permitted to speak openly and that Dr. Cheryl Jones shared her own personal experiences. Except as specifically admitted, the allegations of Paragraph 22 are denied.

23.     Duke lacks knowledge or information sufficient to determine the truth or falsity of the allegations concerning whether Dr. Jones met with a group of residents and the purpose of the alleged meeting. The remaining allegations of Paragraph 23 are denied.

24.     Duke admits Dr. Jones purchased copies of a book entitled *Physician Suicide Letters Answered* by Pamela Wible, M.D. Duke admits that department leadership, in consultation with leadership outside the department, declined to permit Dr. Jones' use of her faculty discretionary account for this purchase. Duke admits Dr. Jones purchased and placed copies of the book in the Obstetric Anesthesia work room. Except as specifically admitted, the allegations of Paragraph 24 are denied.

25.     Duke admits Dr. Sol Aronson and Dr. Ashraf Habib met with Dr. Jones. Except as specifically admitted, the allegations of Paragraph 25 are denied.

26.     Duke admits Dr. Jones sent an email to the Anesthesiology Department which is in writing and speaks for itself. Except as specifically admitted, the allegations of Paragraph 26 are denied.

27.     Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of paragraph 27 concerning Plaintiff's alleged state of mind and perceptions. Duke admits that Plaintiff had individual discussions with Dr.

6

Richard Moon, Dr. Tim Miller, and Dr. Gavin Martin on occasion, but lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations that Plaintiff met with these individuals "on or about early August 2016." The remaining allegations of Paragraph 27 are denied.

28. Duke admits Dr. Jones took an approved leave of absence and voluntarily resigned her employment. Except as specifically admitted, the allegations of Paragraph 28 are denied.

29. Duke admits that Dr. Mathew conducted a meeting with Plaintiff's division on or about October 2016. Except as specifically admitted, the allegations of Paragraph 29 are denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Duke admits that on or about August 2016, Plaintiff told Dr. Muir and Dr. Martin that he was interested in pursuing employment with Regional Anesthesia, PLLC and that Dr. Muir and Dr. Martin were supportive of Plaintiff's interest in this job change. Duke admits Regional Anesthesia, PLLC is the Community Division of the Department of Anesthesiology, that Dr. Eddie Sanders is the Division Chief, and that Regional Anesthesia, PLLC has a contract for services with Duke Regional Hospital and other Duke affiliated entities. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning Regional Anesthesiology, PLLC's

relationship with the PDC. Except as specifically admitted, the allegations of Paragraph 34 are denied.

35. Duke lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 35.

36. Duke admits Dr. Martin and Dr. Gadsden met with Plaintiff on or about November 17, 2016 and that they discussed Plaintiff's interest in Regional Anesthesia, PLLC. Except as specifically admitted, the allegations of Paragraph 36 are denied.

37. Duke admits that Dr. Martin and Dr. Gadsden met with Plaintiff on November 17, 2016 to discuss the practical implications if Plaintiff were to take a position with Regional Anesthesia, PLLC. Except as specifically admitted, the allegations of Paragraph 37 are denied.

38. Paragraph 38 is denied.

39. Duke admits that Dr. Gadsden had a telephone conversation with Plaintiff on December 9, 2016 and that they both attended the divisional holiday party at Dr. Gadsden's home the following evening. Except as specifically admitted, the allegations of Paragraph 39 are denied.

40. Duke admits that Dr. Mathew, Dr. Martin and Dr. Gadsden met with Plaintiff on or about January 6, 2017 and provided notice to Plaintiff that his contract would not be renewed and acknowledged the belief that Plaintiff was not a good fit for his current position. Except as specifically admitted, the allegations of Paragraph 40 are denied.

41. Duke admits that Dr. Mathew and Dr. Martin told Plaintiff that they would not take action to enforce his non-compete were he to obtain a job with UNC. Except as specifically admitted, the allegations of Paragraph 41 are denied.

42. Duke admits that "cause" is not required for a non-renewal decision. Except as specifically admitted, the allegations of Paragraph 42 are denied.

43. Duke lacks knowledge or information sufficient to determine the truth or falsity of the allegations concerning Plaintiff's state of mind. Duke denies the remaining allegations of Paragraph 43.

44. Duke admits that Dr. Mathew received feedback about incidents evidencing Plaintiff's lack of professionalism including, but not limited to, Plaintiff's push back when asked to work on a particular case that did not involve performance of work with the MRI unit, and that this feedback factored into the decision not to renew Plaintiff's contract. Except as specifically admitted, the allegations of Paragraph 44 are denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

48. Duke admits Plaintiff asked Dr. Mathew to reconsider his non-renewal. Except as specifically admitted, the allegations of Paragraph 48 are denied.

49. Paragraph 49 is denied.

50. Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Duke admits Plaintiff asked Dr. Mathew to reconsider Plaintiff's non-renewal. Except as specifically admitted, the allegations of Paragraph 54 are denied.

55. Duke admits that following Plaintiff's request for reconsideration, Dr. Mathew presented the non-renewal of Plaintiff's contract to the Senior Cabinet which unanimously agreed with the non-renewal decision and Dr. Mathew informed Plaintiff the non-renewal decision would stand. Except as specifically admitted, the allegations of Paragraph 55 are denied.

56. Duke admits that on January 22, 2017, Plaintiff emailed Duke's Office for Institutional Equity and that a member of the department responded in writing which speaks for itself. Duke admits Plaintiff contacted the ombuds and appealed his non-renewal through Duke's internal processes for faculty and that the decision was upheld at each stage of Plaintiff's appeal. Except as specifically admitted, the allegations of Paragraph 56 are denied.

57. Duke admits Dr. Edward Sanders informed Plaintiff that he did not have a position for him with Regional Anesthesia, PLLC on or about February 28, 2017. Duke admits Dr. Sanders spoke with Dr. Mathew and Dr. Martin regarding Plaintiff. Except as specifically admitted, the allegations of Paragraph 57 are denied.

58. Duke admits that Duke University did not renew Plaintiff's contract and that Plaintiff was not eligible for gainsharing for the six month period preceding his separation. Duke lacks knowledge or information sufficient to form a belief about the

10

truth or falsity of the allegations concerning Plaintiff's PDC membership. Except as specifically admitted, the allegations of Paragraph 58 are denied.

59. Duke admits it renewed Plaintiff's contract in July 2014, 2015, and 2016. Except as specifically admitted, the allegations of Paragraph 59 are denied.

60. Paragraph 60 is denied.

61. Paragraph 61 is denied.

62. Duke admits Plaintiff filed a Charge with the Equal Employment Opportunity Commission, Charge No. 433-2017-02262, which is in writing and speaks for itself. Except as specifically admitted, the allegations of Paragraph 62 are denied.

63. Paragraph 63 is admitted.

64. Duke admits the EEOC issued a Dismissal and Notice of Right to Sue dated February 26, 2018. Duke admits Plaintiff satisfied administrative prerequisites with regard to the express subject matter of EEOC Charge No. 433-2017-02262. Except as specifically admitted, the allegations of Paragraph 64 are denied.

### Response to "FIRST CAUSE OF ACTION" "Discrimination under the ADA and ADAAA"

65. Duke incorporates by reference its answers to the allegations of paragraphs 1 through 64, as if fully set forth herein.

66. Duke admits Plaintiff filed a Charge with the Equal Employment Opportunity Commission, Charge No. 433-2017-02262, which is in writing and speaks for itself. Duke further admits the EEOC issued a Dismissal and Notice of Right to Sue dated February 26, 2018. Duke admits Plaintiff satisfied administrative prerequisites

11

with regard to the express subject matter of EEOC Charge No. 433-2017-02262. Except as specifically admitted, the allegations of Paragraph 66 are denied.

67. The allegations of Paragraph 67 state a legal conclusion to which no response is required. To the extent a response is deemed required, Duke denies that Plaintiff was regarded as disabled, and further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of Paragraph 67.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

### Response to "SECOND CAUSE OF ACTION"
### "Hostile Work Environment Based on Disability"

74. Duke incorporates by reference its answers to the allegations of paragraphs 1 through 73, as if fully set forth herein.

75. The allegations of Paragraph 75 state a legal conclusion to which no response is required. To the extent a response is deemed required, Duke states that 42 U.S.C. § 12112(a) is in writing and speaks for itself.

76. The allegations of Paragraph 76 state a legal conclusion to which no response is required. To the extent a response is deemed required, Duke denies that

12

Plaintiff was regarded as disabled, and further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of Paragraph 76.

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

## Response to "THIRD CAUSE OF ACTION"
## "Retaliation in violation of ADA and ADAAA"

81. Duke incorporates by reference its answers to the allegations of paragraphs 1 through 80, as if fully set forth herein.

82. The allegations of Paragraph 82 state a legal conclusion to which no response is required. To the extent a response is deemed required, Duke denies that Plaintiff was regarded as disabled, and further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations of Paragraph 82.

83. Paragraph 83 is denied.

84. Paragraph 84 is denied.

85. Paragraph 85 is denied.

86. Paragraph 86 is denied.

87. Paragraph 87 is denied.

88. Paragraph 88 is denied.

13

### Response to "FOURTH CAUSE OF ACTION"
### "Retaliation in violation of Title VII of the Civil Rights Act of 1964"

89. Duke incorporates by reference its answers to the allegations of paragraphs 1 through 88, as if fully set forth herein.

90. Paragraph 90 is denied.

91. Paragraph 91 is denied.

92. Paragraph 92 is denied.

93. Paragraph 93 is denied.

94. Paragraph 94 is denied.

95. Paragraph 95 is denied.

### Response to "FIFTH CAUSE OF ACTION"
### "Wrongful Discharge in Violation of North Carolina Public Policy"

96. Duke incorporates by reference its answers to the allegations of paragraphs 1 through 95, as if fully set forth herein.

97. Paragraph 97 is denied.

98. Paragraph 98 is denied.

99. Paragraph 99 is denied.

100. Paragraph 100 is denied.

### Response to "PRAYER FOR RELIEF"

Duke admits that Plaintiff has demanded a jury trial. In all other respects, Duke denies that Plaintiff is entitled to any of the remedies demanded in the prayer for relief.

## SECOND DEFENSE

Plaintiff's Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred to the extent that they exceed the scope of or are inconsistent with the charge of discrimination filed with the EEOC.

## FOURTH DEFENSE

To the extent that Plaintiff is asserting claims of harassment, Plaintiff's claims are barred by the *Faragher/Ellerth* doctrines.

## FIFTH DEFENSE

Plaintiff's harassment claim is barred because Defendant (a) had effective preventive and corrective complaint mechanisms in place, and (b) Plaintiff did not take advantage of the complaint mechanisms, or otherwise failed to avoid harm.

## SIXTH DEFENSE

To the extent Plaintiff asserts claims under the North Carolina Persons with Disabilities Protection Act are statutorily barred by N.C. Gen. Stat. § 168A-11(c).

## SEVENTH DEFENSE

Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to disability or alleged protected activity.

## EIGHTH DEFENSE

Without admitting liability or that Plaintiff is a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111(8), Plaintiff is not entitled to recover compensatory or punitive damages because defendant at all times demonstrated good faith efforts to identify and make a reasonable accommodation within the meaning of 42 U.S.C. § 1981a(a)(3).

## NINTH DEFENSE

At all times, Defendant's actions were lawful, justified, and made in good faith.

## TENTH DEFENSE

Defendant states that if any of the allegations and unlawful conduct contained in the Complaint are found to have merit, such acts were not sufficiently severe or pervasive to create an abusive or hostile work environment.

## ELEVENTH DEFENSE

If any improper, illegal, or discriminatory act was taken by any Defendant employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Defendant's policies, and was not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent they are beyond the time period of any applicable statute of limitations.

16

## THIRTEENTH DEFENSE

Expressly denying that Plaintiff has been damaged as asserted in the Complaint, Plaintiff's claims for damages are barred to the extent Plaintiff has failed to undertake reasonable efforts to mitigate any alleged damages he claims as a result of any purported action by Defendant.

## FOURTEENTH DEFENSE

The imposition of punitive damages would deprive Defendant of its rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution and Article I, ¶¶ 19 and 27 of the North Carolina Constitution.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to recover punitive damages because all actions taken by Defendant were in good faith and without malice or reckless indifference or disregard for any rights of Plaintiff. Defendant, in good faith, attempted to comply with controlling law and never engaged in any willful, malicious, intentional and/or reckless conduct that would justify an award of such damages.

## SIXTEENTH DEFENSE

Under 42 U.S.C. § 1981a, any award of compensatory and punitive damages to the Plaintiff may not exceed $300,000.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred because he did not engage in protected activity.

## EIGHTEENTH DEFENSE

Even assuming any unfavorable personnel action was taken against Plaintiff in which an impermissible consideration was a factor – which Defendant denies – Defendant would have taken the same action even in the absence of the impermissible consideration.

## NINETEENTH DEFENSE

Defendant asserts the "after-acquired evidence" defense. To the extent Defendant has uncovered or uncovers facts and evidence of Plaintiff's conduct that Defendant did not possess prior to discharging Plaintiff, that evidence would have otherwise justified the discharge of Plaintiff, Defendant hereby pleads such evidence as a bar to Plaintiff's recovery of damages and other legal or equitable relief.

## TWENTIETH DEFENSE

Plaintiff's claims must fail to the extent they are untimely and/or barred by the applicable filing deadline, laches, or statute of limitations period.

## TWENTY-FIRST DEFENSE

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become applicable during discovery in this action and reserves the right to amend its Answer to assert any such defense(s).

**WHEREFORE**, Defendant prays the Court as follows:

1. That the Complaint be dismissed with prejudice.

2. That the Plaintiff have and recover nothing from the Defendant.

3. That the costs of this action, including reasonable attorneys' fees, be taxed against the Plaintiff.

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of July, 2018.

                    OGLETREE, DEAKINS, NASH,
                    SMOAK & STEWART, P.C.

                    /s/ Kimberly J. Lehman
                    Robert A. Sar (N.C. Bar No. 22306)
                    Kimberly J. Lehman (N.C. Bar No. 43001)
                    4208 Six Forks Road, Ste. 1100
                    Raleigh, North Carolina 27622
                    Telephone: 919.787.9700
                    Facsimile: 919.783.9412
                    Email: bob.sar@odnss.com
                    E-mail: kimberly.lehman@odnss.com

                    *Attorneys for Defendant Duke University*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing ANSWER was electronically filed with the Clerk of Court using the CM/ECF system which will send notice to the following:

Michael A. Kornbluth
Andrew J. Henson
Kornbluth Ginsberg Law Group, P.A.
3100 Tower Blvd., Suite 800
Durham, NC 27707
*Attorneys for Plaintiff Michael Shaughnessy*

And that a copy has been sent, via First Class mail, postage paid in the United States mail, addressed to:

John A. Zaloom
Moore & Van Allen, PLLC
3015 Carrington Mill Blvd.
Suite 400
Morrisville, NC 27560
*Attorneys for Defendant Private Diagnostic Clinic, PLLC*

This 30th day of July, 2018.

>OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>
> /s/ Kimberly J. Lehman
> Robert A. Sar (N.C. Bar No. 22306)
> Kimberly J. Lehman (N.C. Bar No. 43001)
> 4208 Six Forks Road, Ste. 1100
> Raleigh, North Carolina 27622
> Telephone: 919.787.9700
> Facsimile: 919.783.9412
> Email: bob.sar@odnss.com
> E-mail: kimberly.lehman@odnss.com
>
> *Attorneys for Defendant Duke University*

34693621.1

20

Case 1:18-cv-00461-CCE-JEP   Document 10   Filed 07/30/18   Page 20 of 20