IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:18-CV-00461-CCE-JEP

| | |
|---|---|
| MICHAEL SHAUGHNESSY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **PLAINTIFF'S RESPONSES TO**<br>) **DUKE'S FIRST SET OF**<br>) **INTERROGATORIES** |
| DUKE UNIVERSITY, PRIVATE<br>DIAGNOSTIC CLINIC, PLLC, | )<br>)<br>) |
| Defendants. | |

Each of Plaintiff's Responses to Defendant's First Set of Interrogatories incorporates the following general objections:

## GENERAL OBJECTIONS

1. Plaintiff objects to each and all of the Defendant's interrogatories insofar as, and to the extent that, they seek information not related to the subject matter of this action and not relevant or proportional to the needs of the case.

2. Plaintiff objects to each and all of the Defendant's interrogatories insofar as, and to the extent that, they call for the disclosure of information that is protected by the attorney-client privilege, and the work product doctrine.

3. Plaintiff objects to each and all of Defendant's interrogatories to the extent they seek information that, by reason of public filing or otherwise, is already in Defendant's possession or is readily accessible to Defendant.

4. Plaintiff objects to each and all of Defendant's interrogatories to the extent that they call for information, answers or documents pertaining to "all locations," "all persons," "all income," "every person," "all documents," "all notes," "all medical records," "all written or oral statements," and the like, on the grounds that such, as such, the interrogatories are overly broad, unduly burdensome and exceed the scope of permissible discovery.

5. Plaintiff states that any information produced in response to a request shall be deemed submitted for all requests to which it is responsive.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Other than the attorneys representing you in this lawsuit, identify any person who has provided you with a written statement or opinion of any kind which relates to any allegation, claim, defense or affirmative defense raised in this lawsuit, and for each such person, describe the substance of such statement or opinion and the date you obtained such statement or opinion.

**ANSWER: Plaintiff objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, particularly insofar as it asks for any opinion about any allegation in any of the pleadings in this matter. Without waiving the foregoing objections, Plaintiff has obtained the following responsive statements from Joseph Mathew, Jeffrey Gadsden, Gavin Martin, Mark Newman, and Edward Sanders:**
- **(PL_0005352) January 2017: Non-renewal meeting with Plaintiff, Joseph Mathew, Gavin Martin, and Jeff Gadsden;**
- **(PL_0005353) January 2017: Plaintiff's meeting with Joseph Mathew;**
- **(PL_0005354) February 2017: Plaintiff's meeting with Edward Sanders;**
- **(PL_0005355) April 2017: Plaintiff's meeting with Mark Newman;**
- **(PL_0005356) May 2017 Plaintiff's Faculty Hearing Committee meeting;**
- **(PL_0005357) February 2017: Plaintiff's meeting with Jeff Gadsden. Withheld for impeachment purposes: this recording will be produced subsequent to the deposition of Jeff Gadsden; and**
- **(PL_0005358) January 2017: Plaintiff's meeting with Gavin Martin, Jeff Gadsden. Withheld for impeachment purposes: this recording will be produced subsequent to the deposition of Gavin Martin and Jeff Gadsden.**

**Plaintiff submits the aforementioned documents, which are responsive under Rule 33(d) of the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 2:** Identify every effort you have made to find employment during or subsequent to your employment with Duke University, including dates, employer name, address, and position sought.

**ANSWER: Plaintiff objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not relevant or proportional to the needs of the case insofar as it asks for every effort made to find employment at any time during Plaintiff's 7-year tenure working with Duke. Without waiving the foregoing objections, Plaintiff states the following: Plaintiff attempted to obtain a position with Regional Anesthesia, PLLC in September 2016 with the initial support of Duke/PDC. Subsequently, Plaintiff learned that Duke/PDC had prevented Plaintiff from obtaining a job with Regional Anesthesia. Accordingly, Plaintiff made inquiries for alternative sources of employment. In April 2017, Plaintiff applied to American Anesthesiology of the Carolinas (MEDNAX) in Wilmington, North Carolina. He was offered and accepted a position to work as an anesthesiologist and began working on or about August 1, 2017.**

2

**INTERROGATORY NO. 3:** Identify all sources of your income since termination from employment with Duke University, including but not limited to, unemployment benefits, disability benefits, employment (including self-employment) earnings, proceeds from the sales(s) of asset(s), withdrawals from 401(k) or other tax-deferred benefit plans, or any other type of income whether taxable or not. For each source of income, include the date received, the amount received, and the name and address of the payor.

**ANSWER: Plaintiff objects to this Request on the grounds that it is vague and unduly burdensome insofar as it seeks all sources of Plaintiff's income. Without waiving the foregoing objections, Plaintiff states the following: Plaintiff has worked for MEDNAX in Wilmington, North Carolina from August 1, 2017 until the date of this writing. Regarding the total compensation earned from this current employer, Plaintiff submits the following documents under Rule 33(d) of the Federal Rules of Civil Procedure: [PL2242 – PL2294].**

**INTERROGATORY NO. 4:** You allege in your Complaint that you are entitled to damages for emotional distress. State the name and address of each physician, psychiatrist, psychologist, counselor, or any other healthcare provider you have seen in regard to these alleged damages; the date(s) when such treatment was provided, as well as the reason(s) for and result(s) of such treatment.

**ANSWER: Plaintiff submits the following documents, [PL4761 – PL4782], which are responsive under Rule 33(d) of the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 5:** For each instance in which you received counseling or treatment for any type of mental, psychological, and/or emotional issues during the past ten (10) years, identify the person or entity from whom you received this counseling or treatment; the approximate date(s) on which you received such counseling or treatment; and describe the reason(s) for the counseling or treatment.

**ANSWER: Plaintiff objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not relevant or proportional to the needs of the case. Without waiving the foregoing objections, Plaintiff states the following: Plaintiff submits the following documents, [PL2434 – PL4810], which are responsive under Rule 33(d) of the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 6**: Identify each of your email account addresses, including any email account addresses registered to another individual but which you have used to send or receive email, since your initial term of employment with Duke University on or about 2011.

**ANSWER: Plaintiff objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, particularly insofar as it asks for any email address that Plaintiff has ever had or used over an eight-year period. Without waiving the foregoing objections, Plaintiff states that he has used the following email addresses to communicate regarding matters related to this case: a) shaugh99@gmail.com; and b) michael.r.shaughnessy@duke.edu.**

**INTERROGATORY NO. 7**: Identify each social media, social networking, blogging and business networking account you have established since your initial term of employment with Duke University on or about 2011, including but not limited to sites such as Facebook, Twitter, Google+, LinkedIn, and Instagram.

**ANSWER: Plaintiff objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, particularly insofar as it asks for any social media account that Plaintiff has ever had over an eight-year period. Without waiving the foregoing objections, Plaintiff states that he has not used any social media account to communicate about matters relating to this dispute.**

**INTERROGATORY NO. 8**: State whether Plaintiff has at any time in the past five (5) years filed for bankruptcy protection. If yes, state the date of the filing of the petition for bankruptcy, the court in which the petition was filed, and provide the case number.

**ANSWER: None.**

**INTERROGATORY NO. 9**: State your cellular telephone number(s) and telephone company provider(s) during the past five (5) years.

**ANSWER: Plaintiff objects to this Request on the grounds that it is vague, overbroad, unduly burdensome, and not relevant or proportional to the needs of the case, particularly as it seeks any cellphone number Plaintiff had over a five-year period and does not restrict the scope of the request to telephone numbers used for matters relating to this lawsuit. Without waiving the foregoing objections, Plaintiff's cellular telephone number is and has been (919) 672-3224, which is serviced by Verizon Wireless.**

4

**INTERROGATORY NO. 10**: Provide a computation of any category of damages you presently claim in this lawsuit, including the underlying method of computation.

**RESPONSE**: Plaintiff states that the computation of damages is subject to change based upon the fact that some calculations are based on estimates and are partially derived from lost wages, benefits, attorney's fees and costs, which accrue over time. In addition, there are other compensatory, consequential, liquidated, and punitive damages that are yet to be determined by the trier of fact. Notwithstanding the foregoing, Plaintiff states that his lost wages in 2017 were at least $77,491 and $29,926 in 2018. The aforementioned does not include the value of Defendants' employer-provided benefits, which are still being calculated, including the value of health insurance, 403(b) matching contributions, and Duke's tuition benefit, *inter alia*. This computation is derived from adding Plaintiff's total compensation from PDC and Duke in 2016 and measuring it against his total compensation in 2017 and 2018, discounting the amounts earned by Plaintiff's mitigation of damages. Plaintiff reserves the right to supplement or amend this response upon discovery of additional responsive information.

**INTERROGATORY NO. 11**: Identify each and every employer for whom you have worked since your employment with Duke ended, including, but not limited to, the names, addresses, and telephone numbers of subsequent employers; the names and positions of your supervisors; your title and/or position with each employer; the dates of each period of employment; the reason or reasons for leaving any such employer, if applicable; and a description of any and all compensation and benefits you receive or received from each such employer.

**RESPONSE: Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome, and not relevant or proportional to the needs of the case insofar as it asks for supervisors. Without waiving the foregoing objections, Plaintiff states that he has worked with MEDNAX from August 1, 2017 until the date of this writing. Plaintiff submits the following documents, [PL2242 – PL2294], which are responsive under Rule 33(d) of the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 12:** Describe any and all health care treatment of any type, including medical, therapeutic, psychotherapy, counseling, and other treatment or therapy that you have undergone related to your disabilities alleged in your Complaint since you began employment with Duke on or about 2011. Please include in this description names, addresses, telephone numbers of all health care providers, the dates of all treatment, all diagnoses rendered and treatment prescribed.

**RESPONSE: Plaintiff objects to this Request on the grounds that it is overbroad, unduly burdensome insofar as it seeks a description of any and all healthcare treatment over an eight-year period. Without waiving the foregoing objections, Plaintiff submits the following documents, [PL2434 – PL4810], which are responsive under Rule 33(d) of the Federal Rules of Civil Procedure.**

5

This the 14 day of June, 2019.

                                      **KORNBLUTH GINSBERG LAW GROUP, P.A.**
                                      *Attorneys for Plaintiffs*

                                      Andrew J. Henson
                                      N.C. State Bar No. 49266
                                      Michael A. Kornbluth
                                      N.C. State Bar No. 27928
                                      3100 Tower Boulevard, Suite 800
                                      Durham, North Carolina, 27707
                                      Telephone: (919) 401-4100
                                      Facsimile: (919) 401-4104

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Plaintiff's Responses to Defendant Duke's First Set of Interrogatories* was served upon all counsel of Record via electronic mail and U.S. mail as follows:

    Robert A. Sar (N.C. Bar No. 22306)
    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
    4208 Six Forks Road, Ste. 1100
    Raleigh, N.C. 27622
    Telephone: (919) 787-9700
    Facsimile: (919) 783-9412
    Email: bob.sar@odnss.com
    *Attorney for Defendant Duke*

    Kimberly J. Lehman (N.C. Bar No. 43001)
    4208 Six Forks Road, Ste. 1100
    Raleigh, N.C. 27622
    Telephone: (919) 787-9700
    Facsimile: (919) 783-9412
    E-mail: kimberly.lehman@odnss.com
    *Attorney for Defendant Duke*

    John A. Zaloom (N.C. Bar No. 30557)
    Moore & Van Allen PLLC
    100 North Tryon Street, Suite 4700, Charlotte, NC 28202
    Telephone: 919-286-8182
    Fax: 919-416-8380
    Email: johnzaloom@mvalaw.com
    *Attorney for Defendant*
    *Private Diagnostic Clinic, PLLC*

This, the 14th day of June, 2019.

                                KORNBLUTH GINSBERG LAW GROUP, P.A.
                                *Attorneys for Plaintiffs*

                                Andrew J. Henson
                                N.C. State Bar No. 49266
                                Michael A. Kornbluth
                                N.C. State Bar No. 27928
                                3100 Tower Boulevard, Suite 800

Durham, North Carolina, 27707
Telephone: (919) 401-4100
Facsimile: (919) 401-4104